FILED
SUPERIOR COURT
OF GUAM

2021 MAY -6 PM 3:08

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| STEFFEN NIU,<br><br>Plaintiff,<br><br>v.<br><br>DARLENA YAOCH MCNAMARA,<br><br>Defendant. | **Domestic Case No. DM0409-19**<br><br>**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE FOREIGN DECREE OF ANNULMENT OF A VOID MARRIAGE; AND FOR SUMMARY JUDGMENT; AND TO DISMISS** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 29, 2021 for hearing on Plaintiff Steffen Niu's ("Plaintiff's") Motion to Enforce Foreign Decree and for Summary Judgment; and to Dismiss ("Motion"). Attorney William B. Brennan represents Plaintiff, and Defendant Darlena Yaoch McNamara ("Defendant") represents herself. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Plaintiff's Motion.

### BACKGROUND

On December 28, 2001 the Parties purportedly married in Reno, Nevada. Verified Complaint for Annulment and Divorce ("Complaint") at 1, (Jul. 30, 2019). Together they share one minor child ("R.M.N."). Id. at 1.

On July 30, 2019, Plaintiff filed his Verified Complaint for Annulment and Divorce, claiming the Parties' marriage was void because Defendant's previous marriage to William D. McNamara was still active when the Parties purportedly married in 2001. Id. at 2. Plaintiff also sought joint legal and physical custody of R.M.N. Id. at 5.

On October 7, 2019, Defendant filed her Answer and Counterclaim for Divorce, Custody and Support ("Answer and Counterclaim"). Answer and Counterclaim at 1, (Oct. 7, 2019). Defendant denied that her marriage with William D. McNamara was still in effect at the time of the Parties' wedding, filed a counterclaim for divorce, and sought both child support and sole legal and physical custody of R.M.N. Id. at 1-4.

On January 6, 2021 Defendant filed his Motion to Enforce Foreign Decree and for Summary Judgement. Motion at 1. Defendant points to a Foreign Decree of Annulment for a Declaration of a Void Marriage made on April 16, 2020 in the District Court, Family Division, Clark County Nevada. Aff't of Pl. Supp. Mot. ("Plaintiff's Affidavit") at ¶ 5, Ex. 2 (Jan. 6, 2021).

That court found the Parties' purported marriage null and void because Defendant was still married to William D. McNamara on the date of their 2001 wedding ceremony. Id. at Ex. 2. In fact, that court found that Defendant's marriage to William D. McNamara was not dissolved until roughly two years later on September 17, 2003. Id. at Ex. 2. That court also declined to decide any parent-child issues concerning R.M.N. because they lacked jurisdiction. Id. at Ex. 2. Defendant has yet to appeal that decision as of January 6, 2021. Memo. of Points and Authorities Supp. Mot. ("Memorandum") (Jan. 6, 2021). As such, Plaintiff requests this court to enforce the Nevada court's decree of annulment. Motion at 1.

Plaintiff also requests dismissal of Defendant's counterclaims, believing the annulment deprives this Court of jurisdiction. Memorandum at 1.

The Court held a hearing on March 29, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. The Foreign Decree is entitled to Full Faith and Credit in Guam.

This court must first determine if the Nevada court's decree is entitled to full faith and credit here in Guam.

The U.S. Constitution provides that "Full Faith and Credit shall be given in each State to … judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such … proceedings shall be proved, and the effect thereof."

U.S. Const. art. IV, § 1. Congress has in fact prescribed the effect thereof as 28 U.S.C.A. § 1738 provides "such... judicial proceedings... shall have the same full faith and credit in every court within the United States *and its territories* as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C.A. § 1738 (*emphasis added*).

Guam law similarly provides "the effect of a judicial record of a state... of the United States ... is the same in Guam as in the place where it was made." 6 G.C.A. § 4214

When a foreign judgment is sought to be enforced in Guam, courts must first determine (1) whether the foreign judgment is final for the purpose of granting full faith and credit, and (2) whether the foreign judgment comports with Due Process. Stahl v. Stahl, 2013 Guam 26 at ¶¶19-24.

### a. The Nevada Decree is a final and enforceable judgment under Nevada law.

The Constitution requires "application of the local law of the State of rendition to determine whether a judgment is final." Stahl, 2013 Guam 26 at ¶21 (citation omitted).

Under the Nevada Rules of Appellate Procedure, a party intending to appeal from a decree or judgment of the District Court must file a Notice of Appeal within 30 days after service of written notice of the judgment or order appealed from. Nev. R. App. P. 4(a)(1), Additionally, under Rule 60 of the Nevada Rules of Civil Procedure, a litigant can move to amend or for relief from a final judgement "no more than 6 months after the date of the proceeding or the date of service of written notice of entry of the judgment or order, whichever date is later." Nev. R. Civ. P. 60(c) (2019).

Here, the Defendant was personally served with Notice of Entry of, and the Order and Decree of Annulment on April 25, 2020. Plaintiff's Affidavit, Ex. 3. No motion for relief from the judgment or notice to appeal has been served on the Plaintiff. Id. at ¶ 7. The time for appeal and to amend or seek relief from the judgment has lapsed. The Decree of Annulment entered in Nevada on April 16, 2020

is final and enforceable in the state of rendition, making the Decree final and enforceable in Guam as well. Id. at ¶23.

### b. The Nevada Decree comports with Due Process.

The Court must next determine whether the final foreign judgment comports with Due Process. There is a presumption that a judgment comports with Due Process if "the state of rendition had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and an opportunity to be heard." Id. at ¶ 25.

Nevada had jurisdiction over the parties and the subject matter because the Plaintiff and Defendant entered into a marriage ceremony in Reno, Nevada. Plaintiff's Affidavit, Ex. 2. All interested parties were given reasonable notice and an opportunity to be heard because Defendant was properly served with the Summons and Complaint for Annulment For a Declaration of Nullity of a Void Marriage. Id. Therefore the final Nevada Decree comports with Due Process and is enforceable in Guam.

## II. Defendant's counterclaim for divorce is dismissed because the Court lacks subject-matter jurisdiction.

In her answer to Plaintiff's Complaint, Defendant filed a counterclaim for divorce on grounds of extreme cruelty and irreconcilable differences. Answer and Counterclaim at 3-4.

However, "a valid marriage relationship is a jurisdictional prerequisite for divorce." Stahl, 2013 Guam 26 at ¶ 13. Because the Parties' marriage was annulled, it is void and in effect never existed. See Annulment, Black's Law Dictionary (11th ed. 2019). Therefore, Defendant's counterclaim for divorce must be dismissed because the Court lacks subject matter jurisdiction since no marriage ever existed.

## III. Defendant's counterclaim for spousal support is dismissed because Court lacks subject-matter jurisdiction.

Defendant's answer also contained a counterclaim against Plaintiff for spousal support. Answer and Counterclaim at 4.

However, Guam law provides the Court the ability to order permanent and pendent lite spousal support only in actions where there was in fact a marriage. See 19 G.C.A. § 8402; Middlecoff v. Middlecoff, 340 P.2d 331, 333 (Cal. Ct. App. 1959) ("No permanent alimony may be allowed where a decree annulling the marriage is rendered, since the effect of such decree is to declare the marriage a nullity as of the date it was contracted, and in such cases all grounds for a claim of support disappears"). As there was no marriage here, the Defendant's claim for spousal support must be denied.

## IV. Defendant's counterclaim for child support and custody is dismissed because the Court lack's subject-matter jurisdiction.

Defendant's answer also contained a counterclaim for sole legal and physical custody of R.M.N., as well as child support. Answer and Counterclaim at 4.

However, custody and support orders are only appropriate during a child's minority. See 19 G.C.A. §§ 4106, 8403-8404. R.M.N. turned 18 and graduated from high school last year. Plaintiff's Affidavit at ¶8. Therefore, the Defendant's claims for custody and child support must be dismissed because the Parties' child is no longer a minor.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion. The Court will give full faith and credit to the Decree of Annulment from Nevada and Summary Judgment will be entered in Plaintiff's favor on his claim for annulment. Defendant's counterclaims for divorce, spousal support, child support, and custody will be dismissed for lack of subject-matter jurisdiction. The Parties shall bear their own fees and costs of this suit.

**IT IS SO ORDERED** this ___May 6, 2021___.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**